UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| BOYNTON BEACH FIREFIGHTERS' PENSION FUND, on Behalf of Itself and All Others Similarly Situated, | ) ) ) | No. 3:16-cv-01106-JJH |
| | ) | Judge Jeffrey J. Helmick |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| HCP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF SOCIÉTÉ GÉNÉRALE SECURITIES SERVICES GMBH AND CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS

1164671_1

Société Générale Securities Services GmbH ("Société Générale") and the City of Birmingham Retirement and Relief System ("Birmingham") respectfully submit this memorandum in further support of their motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, for appointment as lead plaintiff and approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Motley Rice LLC ("Motley Rice") as lead counsel for the class (Dkt. No. 20), and in opposition to all competing motions (Dkt. Nos. 19, 23).

## I. PRELIMINARY STATEMENT

On July 11, three motions were filed in this Action by members of the putative class seeking appointment as lead plaintiff. Of these movants, Société Générale and Birmingham possess the greatest financial interest in the relief sought by the class as they suffered the largest loss of any movant, $1,920,665. The other movants, Public Employees' Retirement System of Mississippi ("Mississippi") and Albert Belle, have smaller losses of $1,515,762.89 and $154,633, respectively.[1] Société Générale and Birmingham also have made a *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Therefore, they are the presumptively most adequate plaintiff and should be appointed Lead Plaintiff. *See Frank v. Dana Corp.*, 237 F.R.D. 171, 173 (N.D. Ohio 2006) (Carr, C.J.) (appointing a group of three institutions that had the largest financial interest in the relief sought by the class and that otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure).

The motions filed by Mississippi and Belle should be denied because they fail to meet the requirements of the PSLRA, specifically they do not possess the largest financial interest in the relief sought by the class.

---

[1] On July 28, 2016, movant Albert Belle filed a Non-Opposition conceding that he "does not possess the 'largest financial interest in the relief sought by the class.'" *See* Dkt. No. 36.

- 1 -

II.     ARGUMENT

    A.     Société Générale and Birmingham Are the Most Adequate Plaintiff

The PSLRA directs the Court to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," referred to as "the 'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i). Under the PSLRA, the "person or group of persons" that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is entitled to a presumption that it is the most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Société Générale and Birmingham have the largest financial interest in the litigation and satisfy the typicality and adequacy requirements of Rule 23, and therefore are entitled to a presumption that they are the most adequate plaintiff.

        1.     Société Générale and Birmingham Have the Largest Financial Interest of Any Movant

In deciding which movant has the largest financial interest in the relief sought by the class, courts typically have looked at four factors set forth by the Manual for Complex Litigation: "(1) the number of shares that the movant purchased during the class period, (2) the number of net shares purchased during the class period, (3) 'the total net funds expended by the [movant] during the class period, and (4) the amount of loss suffered by the movant.'" *Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573, at *5 (E.D. Tenn. Feb. 11, 2011) (Collier, C.J.); *see also* Manual for Complex Litigation (Fourth) §13.31 (2004).[2] Of these four factors, "the most important factor is the approximate losses suffered by the plaintiff." *Blitz v. AgFeed Indus.*, No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849, at *21 (M.D. Tenn. Apr. 10, 2012) (Knowles, Mag.); *see also Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

The table below shows the "four factors" for the three movants in this case:

---

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

- 2 -

| Movant | (1) Shares Purchased | (2) Net Shares Purchased | (3) Total Net Funds Expended | (4) Losses |
|---|---|---|---|---|
| Société Générale | 263,172 | 95,268 | $4,666,733 | ($1,605,496) |
| Birmingham | 55,211 | 55,211 | $2,061,146 | ($315,168) |
| **Combined Total**: | **318,383** | **150,479** | **$6,727,880** | **($1,920,665)** |
| Mississippi | 314,053 | 56,982 | $3,346,760 | ($1,515,762) |
| Albert Belle | 43,000 | 43,000 | $1,538,980 | ($157,265) |

Critically, Société Générale and Birmingham have a larger loss than any other movant.[3] Société Générale and Birmingham also purchased more shares, purchased more net shares, and expended more net funds than any other movant. By any measure, Société Générale and Birmingham have the greatest financial interest in the relief sought by the class.

### 2. Société Générale and Birmingham Satisfy the Requirements of Rule 23

To satisfy the requirements of Rule 23 at the lead plaintiff motion stage, "[p]laintiffs need only make a prima facie showing that they meet the typicality and adequacy prerequisites of Rule 23." *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005) (Marbley, J.) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001)). As demonstrated in their opening memorandum, Société Générale and Birmingham satisfy both requirements. *See* Dkt. No. 20-1 at 4-5. They satisfy the typicality requirement because their

---

[3] The table shows losses calculated using the last-in first-out (or "LIFO") method. In considering the size of a movant's loss, this Court and others in this Circuit consistently have embraced LIFO over the first-in first-out (or "FIFO") method. *See, e.g.*, *Johnson v. Dana Corp.*, 236 F.R.D. 349, 353 (N.D. Ohio 2006) (Carr, C.J.) ("Therefore, to determine which party has the largest financial interest for the purposes of appointing a lead plaintiff, this court endorses the use of LIFO over FIFO."), *rev'd on reh'g on other grounds sub nom., Frank*, 237 F.R.D. at 171; *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (S.D. Ohio 2005) (Marbley, J.) (endorsing LIFO over FIFO). Under LIFO, shares sold at inflated prices during the Class Period are matched against the most recently purchased shares. In contrast, under FIFO, shares sold at inflated prices during the Class Period are matched against the earliest purchased shares, which may have been purchased before the Class Period at prices not yet inflated by allegedly false or misleading statements. As the court in *Cardinal Health* observed, "'the focal point of inquiry must begin . . . with purchases or sales -- or both -- during that class period . . . which is consistent with LIFO rather than FIFO treatment.'" *Id.* at 304 (quoting *In re Comdisco Sec. Litig.*, No. 01 C 2110, 2004 U.S. Dist. LEXIS 7230, at *8 (N.D. Ill. Apr. 26, 2004)). Because Société Générale and Birmingham had no pre-Class Period holdings, their FIFO and LIFO losses are the same: $1,920,664.62.

claims against defendants arise from the same events that give rise to the claims of other members of the class, and are based on the same legal theories.  *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (Cole, J.).

Société Générale and Birmingham satisfy the adequacy requirement because their interests are aligned with those of the other members of the class, who suffered similar harm as a result of defendants' alleged wrongdoing, and no antagonism exists between their interests and the interests of other members of the class.  Moreover, both Société Générale and Birmingham are sophisticated institutional investors and experienced fiduciaries motivated by their large losses to pursue this case with vigor.  *See* Dkt. No. 21-2.  They have confirmed their plan to cooperate in the prosecution of this Action in a Joint Declaration that they submitted with their motion, and have retained competent and experienced counsel to assist them.  Dkt. No. 21-4.  Because Société Générale and Birmingham have the largest financial interest of any movant and have made a *prima facie* showing of typicality and adequacy, they are entitled to a presumption that they are the most adequate plaintiff.  *See Dana*, 237 F.R.D. at 173 (appointing group of institutional investors where competing movants failed to rebut the most adequate plaintiff presumption).  Because there is no evidence to rebut the presumption in favor of Société Générale and Birmingham, their motion to be appointed lead plaintiff should be granted.

**B.     Neither Mississippi Nor Belle Possess the Largest Financial Interest in the Relief Sought by the Class**

Neither of the other two movants is entitled to a presumption that it is the most adequate plaintiff because, as demonstrated above, neither has the largest financial interest in the relief sought by the class.  Accordingly, this Court should deny the competing motions of Mississippi and Albert Belle.

**III. CONCLUSION**

      For the reasons stated above, Société Générale and Birmingham respectively request that the Court appoint them Lead Plaintiff, approve their selection of lead counsel, and grant such other relief as the Court may deem just and proper.

DATED: July 28, 2016                   Respectfully submitted,

                                          LANDSKRONER • GRIECO • MERRIMAN, LLC

                                                s/ Jack Landskroner
                                    JACK LANDSKRONER (0059227)
                                    1360 West 9th Street, Suite 200
                                    Cleveland, OH 44113
                                    Telephone: 216/522-9000
                                    216/522-9007 (fax)
                                    jack@lgmlegal.com

                                    Local Counsel

                                    ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                    TRICIA L. McCORMICK
                                    DARREN J. ROBBINS
                                    655 West Broadway, Suite 1900
                                    San Diego, CA 92101
                                    Telephone: 619/231-1058
                                    619/231-7423 (fax)

                                    MOTLEY RICE LLC
                                    JAMES M. HUGHES
                                    GREGG S. LEVIN
                                    CHRISTOPHER F. MORIARTY
                                    MEREDITH B. MILLER
                                    28 Bridgeside Blvd.
                                    Mount Pleasant, SC 29464
                                    Telephone: 843/216-9000
                                    843/216-9450 (fax)

                                    [Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

     I hereby certify that on July 28, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2016.

                                             s/ JACK LANDSKRONER
                                             JACK LANDSKRONER (0059227)

# Mailing Information for a Case 3:16-cv-01106-JJH Boynton Beach Firefighters' Pension Fund v. HCP, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rebecca E. Boon**
  Rebecca.Boon@blbglaw.com,Errol.Hall@blbglaw.com

- **John R. Climaco**
  jrclim@climacolaw.com

- **Katherine C. Ferguson**
  kferguson@kgmlaw.com,hkittle@kgmlaw.com

- **Avi Josefson**
  avi@blbglaw.com,Errol.Hall@blbglaw.com

- **James A. King**
  jking@porterwright.com

- **Daniel J. Kramer**
  DKramer@paulweiss.com,mao_fednational@paulweiss.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Gregg S. Levin**
  glevin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Tricia L. McCormick**
  triciam@csgrr.com

- **Michael D. Meuti**
  mmeuti@bakerlaw.com

- **Elliot D. Morrison**
  emorrison@bakerlaw.com,krossiter@bakerlaw.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Gerald H. Silk**
  jerry@blbglaw.com,Errol.Hall@blbglaw.com,scott.foglietta@blbglaw.com,ross@blbglaw.com,Matthew.Mahady@blbglaw.com

- **Scott D. Simpkins**
  sdsimp@climacolaw.com

- **Audra J. Soloway**
  ASoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Patrick J. Somers**
  PSomers@paulweiss.com,mao_fednational@paulweiss.com

- **Daniel R. Warren**
  dwarren@bakerlaw.com

- **Thomas D. Warren**
  twarren@bakerlaw.com,krossiter@bakerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Nathan            R. Lindell
Robbins Geller Rudman & Dowd - San Diego
Ste. 1900
655 West Broadway
San Diego, CA 92101
```