# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Tommy French, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBL & Associates Properties, Inc., Stephen D. Lebovitz, and Farzana K. Mitchell,<br><br>Defendants. | Civ. No. 1:16-cv-00165-TWP-CHS<br><br>CLASS ACTION |
| The Allan J. and Sherry R. Potts Living Trust, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBL & Associates Properties, Inc., Stephen D. Lebovitz, and Farzana K. Mitchell,<br><br>Defendants. | Civ. No. 1:16-cv-00195-TWP-CHS<br><br>CLASS ACTION |

*[caption continued on next page]*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SOCIÉTÉ GÉNÉRALE SECURITIES SERVICES GMBH FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 35 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>  v.<br><br>CBL & ASSOCIATES PROPERTIES, INC., CBL & ASSOCIATES LIMITED PARTNERSHIP, STEPHEN D. LEBOVITZ, FARZANA K. MITCHELL and JOHN N. FOY,<br><br>                     Defendants. | Civ. No. 1:16-cv-00248-TWP-CHS<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1
FACTUAL BACKGROUND .................................................................................................. 2
ARGUMENT ........................................................................................................................... 4
    I.    The Related Actions Should Be Consolidated .................................................. 4
    II.    SGSS Should Be Appointed Lead Plaintiff ...................................................... 6
        A.    SGSS's Motion Is Timely ...................................................................... 6
        B.    SGSS Has the Largest Financial Interest in the Relief Sought by the Class .......... 6
        C.    SGSS Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................................................................................... 7
            1.    SGSS's Claims Are Typical of the Class ..................................... 7
            2.    SGSS Will Adequately Represent the Class ................................ 8
    III.    The Court Should Approve SGSS's Selection of Counsel ................................ 9
CONCLUSION ...................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**

*Amchem Products v. Windsor,*
   521 U.S. 591 (1997) ............................................................................................................. 7

*Beattie v. CenturyTel, Inc.,*
   511 F.3d 554 (6th Cir. 2007) ........................................................................................ 7, 8, 9

*Bernacchi v. Investment Technology Group, Inc.,*
   No. 1:15-cv-06369 (S.D.N.Y. Oct. 15, 2015) ..................................................................... 9

*Blitz v. AgFeed Industries, Inc.,*
   No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849 (M.D. Tenn. Apr. 10, 2012) ...................... 7

*City of Brockton Retirement System v. Avon Products, Inc.,*
   No. 1:11-cv-04665 (S.D.N.Y. Sept. 29, 2011) .................................................................... 8

*Craft v. Vanderbilt University,*
   174 F.R.D. 396 (M.D. Tenn. 1996) .................................................................................... 8

*In re Barrick Gold Securities Litigation,*
   No. 1:13-cv-03851 (S.D.N.Y. Aug. 9, 2013) ...................................................................... 9

*In re Cendant Corp. Litigation,*
   264 F.3d 201 (3d Cir. 2001) ............................................................................................ 7, 8

*In re Vivendi Universal, S.A.,*
   605 F. Supp. 2d 570 (S.D.N.Y. 2009) ................................................................................ 8

*KBC Asset Management NV v. McNamara,*
   No. 13-1854-LPS-CJB (D. Del. Feb. 2, 2015) ................................................................... 9

*Newman v. Eagle Building Technologies,*
   209 F.R.D. 499 (S.D. Fla. 2002) ......................................................................................... 5

*Ohio Public Employees Retirement System v. Fannie Mae,*
   357 F. Supp. 2d 1027 (S.D. Ohio 2005) ......................................................................... 6, 7

*W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP,*
   549 F.3d 100 (2d Cir. 2008) ................................................................................................ 8

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ............................................................................................................. 6
15 U.S.C. § 78u-4(a)(3)(A) .................................................................................................... 5, 6
15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................ passim

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 730 .............................................................................................................. 8
H.R. Rep. No. 104-369 (1995) ................................................................................................... 8

**R**ULES

Fed. R. Civ. P. 42(a) ............................................................................................................... 1

Société Générale Securities Services GmbH ("SGSS") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for: (i) consolidation of the above-captioned actions; (ii) appointment as Lead Plaintiff for a proposed Class consisting of all investors who purchased the publicly traded securities of CBL & Associates Properties, Inc. ("CBL" or the "Company") during the period from August 9, 2011, through May 24, 2016, inclusive (the "Class Period"); and (iii) approval of its selection of Motley Rice LLC ("Motley Rice") as Lead Counsel for the proposed Class.

**INTRODUCTION**

Pending before the Court are three related securities fraud class action lawsuits (the "Related Actions")[1] filed against CBL and senior CBL officers, (collectively, "Defendants"). The Related Actions allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

In securities class actions, the PSLRA directs district courts to resolve any motions for consolidation before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

---

[1] The Related Actions are *French v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-00165-TWP-CHS, filed on May 27, 2016 ("*French* Action"); *The Allan J. and Sherry R. Potts Living Trust v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-00195-TWP-CHS, filed on June 9, 2016 ("*Potts* Action"); and *International Union of Painters & Allied Trades District Council No. 35 Pension Plan v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-00248-TWP-CHS, filed on June 23, 2016 ("*Painters* Action").

1

As soon as practicable after rendering a decision on consolidation, the PSLRA requires district courts to appoint as lead plaintiff the "members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The "most capable" plaintiff is the movant that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

SGSS meets the qualifications to be considered the presumptively most adequate plaintiff because it has timely filed this motion, demonstrated its financial interest, and established that it satisfies the requirements of Rule 23 at this stage.  Therefore, SGSS respectively requests that the Court appoint it Lead Plaintiff and approve its selection of Motley Rice as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## FACTUAL BACKGROUND

CBL purports to be a self-managed, self-administered, fully-integrated real estate investment trust ("REIT").  Through its affiliate, CBL & Associates Limited Partnership (the "Operating Partnership"), CBL owns, develops, acquires, leases, manages, and operates regional shopping malls, open-air and mixed-use centers, associated centers, community centers, and office properties.  CBL's properties are located in 27 states, primarily in the Southeastern and Midwestern United States, including Tennessee.

Throughout the Class Period, CBL; the Operating Partnership; CBL's President and Chief Executive Officer, Stephen D. Lebovitz ("Lebovitz"); CBL's former Chief Financial Officer ("CFO"), Treasurer, and Secretary, John N. Foy ("Foy"); and CBL's current CFO and Treasurer, Farzana K. Mitchell ("Mitchell") are alleged to have engaged in a scheme to defraud and to have made numerous materially false and misleading statements and omissions regarding CBL's

2

business and operations, including by: (i) repeatedly assuring investors that the Company was in compliance with the financial covenants and restrictions imposed by the Company's lenders; (ii) describing the Company's purported successes in obtaining debt financing on multiple occasions without disclosing the highly significant details regarding how the Company succeeded in obtaining and maintaining that financing; (iii) disclosing to investors the Company's and Operating Partnership's representations to the Company's financiers that they were being provided with accurate financial information regarding the Operating Partnership's unencumbered assets, including the income from, and occupancy rates of, those properties; and (iv) assuring investors that the Company required its employees to comply with applicable laws and regulations, including those prohibiting the provision of material non-public information to selected individuals.  As a result of these false statements and/or omissions, CBL common stock traded at artificially inflated prices during the Class Period, reaching a high of $26.95 per share.

Facts that have become public over the past several months contradict the Company's representations during the Class Period.  First, on November 3, 2015, *The Wall Street Journal* reported that Senator Robert P. Corker, Jr. of Tennessee had made numerous well-timed trades in CBL stock that had netted him substantial profits.  Senator Corker's fortunate timing raised suspicions that CBL executives may have passed material non-public information about the Company to the Senator, especially in light of the "history" between CBL and the Senator, which the *Journal* noted included campaign donations from CBL executives to the Senator, and the Senator previously working indirectly for CBL.

Then, on May 24, 2016, *The Wall Street Journal* reported allegations that the Company had falsified information on financial statements to banks when applying for financing arrangements, in particular by inflating its rental income and its properties' occupancy rates.  After

initially calling this report "baseless," the Company issued a press release on June 13, 2016, admitting that the SEC was investigating the veracity of information provided to banks in connection with four non-recourse secured loans originated in 2011 and 2012. The May 24, 2016 article also reported that the FBI and SEC were investigating Senator Corker's CBL trades and the possibility that CBL executives had provided Senator Corker material non-public information about the Company. The article highlighted the Senator's "close personal, business and political ties with several members of the family that founded CBL and runs it."

Following these revelations, which began to uncover misrepresentations and undisclosed material facts related to the Company's purported success in obtaining debt financing and complying with its lenders' financial requirements, CBL's stock price declined. Specifically, the price of CBL common stock declined 9.3% after the initial revelations about Senator Corker's trades, from a close of $14.85 per share on November 3, 2015, to a close of $13.47 per share on November 9, 2015. Following the May 24, 2016 disclosures, the share price declined 11.5% from a closing price of $10.26 per share on May 24, 2016, to an opening price of $9.07 per share on May 25, 2016. On June 13, 2016, after the Company released a statement about the May 24, 2016 article, the share price declined another 4.5%, or $0.46 per share.

As a result of Defendants' alleged wrongful acts and omissions and the related declines in the market value of the Company's securities, SGSS and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I.      The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."

15 U.S.C. § 78u-4(a)(3)(B)(ii).  There are three related securities fraud class actions pending in this District on behalf of investors who purchased CBL's publicly traded securities:

| **RELATED ACTION** | **DATE FILED** | **CLASS PERIOD** | **DEFENDANTS** |
|---|---|---|---|
| *French Action* | 05/27/16 | 08/08/13-05/24/16 | CBL, Lebovitz, Mitchell |
| *Potts Action* | 06/10/16 | 08/08/13-05/24/16 | CBL, Lebovitz, Mitchell |
| *Painters Action* | 06/23/16 | 08/09/11-05/24/16 | CBL, Operating Partnership, Lebovitz, Mitchell, Foy |

In determining the propriety of consolidation under Rule 42(a) of the Federal Rules of Civil Procedure, district courts have broad discretion, and generally favor the view that consolidation is particularly appropriate in the context of securities class actions when, as here, the complaints are based on the same public statements and/or reports, and defendants will not be prejudiced.  *See, e.g.*, *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. 2002) (noting that consolidation of shareholder class actions "is recognized as benefiting the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned").  Moreover, the PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims."  15 U.S.C. § 78u-4(a)(3).

The Related Actions present similar factual and legal issues arising out of the same alleged course of misconduct, and involve Class Members' purchase of CBL securities at artificially inflated prices during a class period that ends on May 24, 2016.  While the *Painters* complaint alleges a longer class period, this difference does not negate the need to consolidate these cases under Federal Rule of Civil Procedure 42(a) and the PSLRA.  Accordingly, consolidation is appropriate.

**II.    SGSS Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1032-33 (S.D. Ohio 2005) (discussing lead plaintiff presumption).  SGSS meets these requirements, and, therefore, should be appointed Lead Plaintiff.

**A.    SGSS's Motion Is Timely**

The notice published in this action on May 27, 2016, advised class members of:  (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff by July 26, 2016.  *See* Decl. of Jimmy F. Rodgers, Jr. (Rodgers Decl.), Ex. A.  Because this motion is timely, SGSS is entitled to be considered for appointment as Lead Plaintiff.

**B.    SGSS Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA does not specify a standard for determining which movant has the largest financial interest in the relief sought by the Class.  However, in making this determination, courts

6

typically have placed the most emphasis on the losses suffered by the movants.  *See Blitz v. AgFeed Indus., Inc.*, No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849, at *21 (M.D. Tenn. Apr. 10, 2012).  In this case, SGSS suffered a loss of approximately $4,124,236 million from its investments in CBL securities during the Class Period, whether calculated on a last in, first out (LIFO) or first in, first out (FIFO) basis.  *See* Certification and Loss Chart, Rodgers Decl., Exs. B, C.  To the best of its counsel's knowledge, SGSS has a larger financial interest in the relief sought by the Class than has any other plaintiff.

    **C.**    **SGSS Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Once a movant has demonstrated that it has the largest financial interest, it is entitled to a presumption that it is the most adequate lead plaintiff if it "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff motion stage, "Plaintiffs need only make a *prima facie* showing that they meet the typicality and adequacy prerequisites of Rule 23."  *Fannie Mae*, 357 F. Supp. 2d at 1034 (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001)).  As demonstrated below, SGSS satisfies the typicality and adequacy requirements at this stage.

    **1.**    **SGSS's Claims Are Typical of the Class**

Typicality exists where a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members.  *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007).  "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. . . . '[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'"  *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks and citations omitted).  SGSS's claims are typical, because, like all Class

7

members, it purchased CBL securities during the Class Period at prices artificially inflated by Defendants' allegedly materially false and misleading statements and thereby suffered damages. Thus, SGSS meets the typicality requirement at this stage.

### 2. SGSS Will Adequately Represent the Class

Adequacy is established where (i) there are common interests between the proposed lead plaintiff and other members of the Class; and (ii) the proposed lead plaintiff "will vigorously prosecute the interests of the class through qualified counsel." *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996). As an institutional investor with a significant loss allegedly caused by Defendants' misconduct, SGSS has a strong interest in the outcome of the case and is motivated to ensure zealous advocacy on behalf of the Class. In fact, SGSS is precisely the type of investor Congress sought with the enactment of the PSLRA to encourage to assume a more prominent role in securities litigation. *See In re Cendant*, 264 F.3d at 244, 264 (Noting that PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff") (quoting H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733). The Class would benefit from SGSS's experience in other securities actions, including acting as Co-Lead Plaintiff in *City of Brockton Ret. Sys. v. Avon Prods., Inc.*, No. 1:11-cv-04665 (S.D.N.Y. Sept. 29, 2011), which resulted in a settlement of $62 million for the class.[2] Moreover, "there is no indication of a conflict of interest between [SGSS] and the class members." *Beattie*, 511 F.3d at 563.

---

[2] SGSS obtained a valid assignment that was executed before filing this motion for appointment as lead plaintiff. *See* Rodgers Decl., Ex. E; *see also In re Vivendi Universal, S.A.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (Holwell, J.) (rejecting defendants' summary judgment challenge to the standing of foreign investment vehicles like SGSS to assert claims for violations of federal securities laws) (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008)). SGSS has its headquarters in Unterföhring, Germany.

SGSS also has demonstrated its adequacy by selecting highly qualified counsel with significant experience prosecuting securities class actions to serve as Lead Counsel for the Class. *See id.*; *infra* Section III. Thus, SGSS satisfies the requirements of Rule 23 at the lead plaintiff motion stage.

### III.  The Court Should Approve SGSS's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. See 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

SGSS has selected Motley Rice to serve as Lead Counsel for the proposed Class. Motley Rice has substantial experience in the prosecution of shareholder and securities class actions. As the court noted in *KBC Asset Mgmt. NV v. McNamara*, No. 13-1854-LPS-CJB, ECF No. 40 (D. Del. Feb. 2, 2015), Motley Rice is "comprised of attorneys who possess extensive experience as lead or co-lead counsel in complex litigation, and who have successfully represented shareholders in class and derivative actions." *Id.* at 13. Motley Rice's abilities are evidenced by the fact that it currently serves as lead counsel in numerous other securities fraud class actions. *See, e.g.*, *Bernacchi v. Inv. Tech. Group, Inc.*, No. 1:15-cv-06369, ECF No. 36 (S.D.N.Y. Oct. 15, 2015) (approving Motley Rice as lead counsel); *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851, ECF No. 26 (S.D.N.Y. Aug. 9, 2013) (same). The Court may be assured that if this motion is granted, the proposed Class will receive the highest caliber of legal representation. *See* Rodgers Decl., Ex. F. Accordingly, SGSS's selection of counsel should be approved.

9

## CONCLUSION

For the foregoing reasons, SGSS respectfully requests that the Court:  (i) consolidate the related actions; (ii) appoint SGSS as Lead Plaintiff pursuant to the PSLRA; and (iii) approve SGSS's selection of Motley Rice to serve as Lead Counsel for the proposed Class.

DATED:  July 26, 2016                **SUMMERS, RUFOLO & RODGERS, P.C.**


*s/ Jimmy F. Rodgers, Jr.*
 JIMMY F. RODGERS, JR. (TN BPR #16876)
735 Broad Street, Suite 800
Chattanooga, TN  37402-2913
Telephone:  (423) 265-2385
Facsimile:  (423) 266-5211
jrodgers@summersfirm.com

*Local Counsel for Proposed Lead Plaintiff*
*Société Générale Securities Services GmbH*

**MOTLEY RICE LLC**
JAMES M. HUGHES
GREGG S. LEVIN
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone:  843/216-9000
Facsimile:  843/216-9450
jhughes@motleyrice.com
glevin@motleyrice.com

*Counsel for Proposed Lead Plaintiff*
*Société Générale Securities Services GmbH and*
*Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

      I hereby certify that on July 26, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 26, 2016.

      *s/ Jimmy F. Rodgers, Jr.*
      Jimmy F. Rodgers, Jr. (TN BPR #16876)
      **SUMMERS, RUFOLO & RODGERS, P.C.**
      735 Broad Street, Suite 800
      Chattanooga, TN 37402-2913
      Telephone: (423) 265-2385
      Facsimile: (423) 266-5211
      jrodgers@summersfirm.com