# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BOYNTON BEACH FIREFIGHTERS' PENSION FUND on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>HCP, INC.; HCR MANORCARE, INC.; LAURALEE MARTIN; TIMOTHY SCHOEN; PAUL A. ORMOND; and STEVEN M. CAVANAUGH,<br><br>                Defendants. | No. 3:16-cv-01106-JJH |

**MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR LEAVE TO FILE SUR-REPLY AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Motion Granted.
So Ordered.

<u>s/ Jeffrey J. Helmick</u>
United States District Judge

Mississippi, by and through its undersigned counsel, hereby respectfully moves this Court for leave to file the attached sur-reply in support of its motion for appointment as Lead Plaintiff, approval of its selection of Lead Counsel, and in opposition to the competing motion.[1] A district court has broad discretion to grant leave to file a sur-reply addressing new arguments advanced for the first time on reply. *See, e.g.*, *United States v. 2007 BMW 335i Convertible*, 648 F. Supp. 2d 944, 953 (N.D. Ohio 2009). The 173 pages of materials that Société Générale and Birmingham submitted on reply—including a 15 page brief and 14 separate exhibits, which include two expert declarations—present new facts and raise new arguments that are directly contrary to Société Générale's prior positions, and which necessitate a response.

It is now clear that Société Générale's and Birmingham's tactic has been to hide-the-ball with regard to Société Générale's standing throughout the Lead Plaintiff briefing process. Société Générale initially, and repeatedly, asserted that it had standing because it purchased shares of HCP stock and incurred losses as a result of the violations alleged in this action. *See* ECF No. 21-4 ¶2. Birmingham also specifically represented that it decided to work with Société Générale because Société Générale itself suffered losses from its investments in HCP stock. *See id.* ¶3.

Now, for the first time on reply, Société Générale and Birmingham claim that Société Générale has standing either through the so-called "prudential exception[]" to the injury-in-fact requirement, or because claims were assigned to it. ECF No. 41 at 3. In support of its latest claim, Société Générale submitted a declaration from a professor in Germany (*see* ECF No. 42-1) as well as a declaration from Société Générale (*see* ECF No. 42-8), which flatly contradict Société Générale's initial position that its standing was based on the loss Société Générale itself incurred.

---

[1] All capitalized terms are defined in Mississippi's moving, opposition, and reply briefs in support of its motion for appointment as Lead Plaintiff, unless otherwise indicated. *See* ECF Nos. 23-1, 38, 43.

*See* ECF No. 21-4 ¶2. Société Générale never even mentioned the "prudential exception" in its moving or opposition briefs and its belated reliance on the doctrine—and submission of two declarations in support thereof—should not be countenanced. Moreover, the purported "assignments" on which Société Générale now relies were executed before Société Générale moved for appointment as Lead Plaintiff, but were inexplicably omitted from its prior submissions and held back until reply.

Also for the first time on reply, Société Générale and Birmingham loft erroneous, *ad hominem* attacks against Mississippi and one of its counsel. *See* ECF No. 41 at 14 n.6. While these contentions are easily dismissed, Mississippi has not yet had an opportunity to respond given Société Générale's and Birmingham's tactic of withholding arguments for reply. There is no reason that these contentions could not have been raised in Société Générale's and Birmingham's opposition brief, and their attempt to raise such new arguments on reply is prejudicial to Mississippi and the Class.

Société Générale's and Birmingham's litigation tactics—including the withholding of documents and delaying of arguments—deprived Mississippi of pertinent information that would allow it to evaluate and challenge Société Générale's standing, and to otherwise respond to Société Générale's and Birmingham's contentions. Mississippi raises no new issues in its proposed 9-page sur-reply, but merely responds to the new contentions, authority, and facts that Société Générale and Birmingham improperly reserved for reply. Mississippi also respectfully submits that the proposed sur-reply will materially assist this Court in reaching a just and fair resolution of the competing Lead Plaintiff motions.

## CONCLUSION

Mississippi respectfully requests leave of Court to file the attached sur-reply in support of its motion to be appointed Lead Plaintiff, approval of its selection of Lead Counsel, and in

2

opposition to the competing motion.

Dated:  August 16, 2016         Respectfully Submitted,

/s/ *Scott D. Simpkins*
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
**CLIMACO WILCOX PECA TARANTINO**
**& GAROFOLI CO., LPA**
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com
sdsimp@climacolaw.com

*Local Counsel for Proposed Lead Plaintiff*
*Public Employees' Retirement System of Mississippi*

Gerald H. Silk *(admitted pro hac vice)*
Avi Josefson *(admitted pro hac vice)*
Rebecca E. Boon *(admitted pro hac vice)*
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
rebecca.boon@blbglaw.com

Jeffrey W. Golan
Chad A. Carder
Julie B. Palley
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
ccarder@barrack.com
jpalley@barrack.com

*Counsel for Proposed Lead Plaintiff*

3

*Public Employees' Retirement System of Mississippi
and Proposed Lead Counsel for the Class*

4

*Public Employees' Retirement System of Mississippi
and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

    A copy of the foregoing was filed electronically this 16th day of August 2016.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                          /s/ *Scott D. Simpkins*
                          John R. Climaco (0011456)
                          Scott D. Simpkins (0066775)
                          **CLIMACO WILCOX PECA TARANTINO**
                          **& GAROFOLI CO., LPA**
                          55 Public Square, Suite 1950
                          Cleveland, OH 44113
                          Telephone: (216) 621-8484
                          Facsimile: (216) 771-1632
                          jrclim@climacolaw.com
                          sdsimp@climacolaw.com

                          *Local Counsel for Proposed Lead Plaintiff*
                          *Public Employees' Retirement System of Mississippi*