UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Boynton Beach Firefighters'
Pension Fund,                                                    Case No. 3:16-cv-1106

        Plaintiff

    v.                                                                    MEMORANDUM OPINION

HCP, Inc., et al.,

        Defendants

This case is before me on Lead Plaintiffs' motion to order particularized discovery. (Doc. No. 80). Lead Plaintiffs also filed a declaration in support of their motion. (Doc. No. 81). The HCR defendants filed an opposition (Doc. No 82), which the HCP defendants joined (Doc. No. 83). Lead Plaintiffs replied. (Doc. No. 84). For the reasons that follow, Lead Plaintiffs' motion is denied.

## BACKGROUND

On May 9, 2016, the Boynton Beach Firefighters' Pension Fund filed a proposed class action complaint against Defendants HCP, Inc.; HCR ManorCare, Inc.; Lauralee Martin; Timothy Schoen; Paul A. Ormond; and Steven M. Cavanaugh. (Doc. No. 1). This case arises in part from allegations which formed the basis of another lawsuit. *See United States ex rel. Ribik v. HCR ManorCare Inc.*, No. 1:09-cv-13 (E.D. Va.). The *Ribik* parties completed discovery and briefed the matter of summary judgment, submitting evidence for these motions under seal. The *Ribik* defendants also filed a motion for sanctions for expert discovery violations, which was granted. The court subsequently excluded the report of the expert at issue in the sanctions matter. Then on November 17, 2017, the government moved to dismiss its claims with prejudice. The court granted the motion on November 27, 2017.

On November 28, 2017, I appointed Société Générale Securities Services GmbH and the City of Birmingham Retirement and Relief System as Lead Plaintiffs in this case. (Doc. No. 73). Lead Plaintiffs filed their consolidated complaint on February 28, 2018. (Doc. No. 85). And I ordered Defendants to file their motions to dismiss by March 30, 2018, with responses and replies to follow. (Doc. No. 79).

**DISCUSSION**

Lead Plaintiffs now seek discovery of the sealed evidence submitted relative to the summary judgment filings in *Ribik*. (Doc. No. 80-1 at 5). They first contacted the HCR defendants and asked them to turn over these documents, offering to treat all such evidence as confidential and offering to pay for production. (Doc. No. 81-4). Defendants refused. (Doc. No. 81-5). Lead Plaintiffs now seek an order requiring the HCR Defendants to produce the desired documents. (Doc. No. 80-1 at 5). Defendants oppose. (Doc. Nos. 82 & 83).

The Private Securities Litigation Reform Act imposes a stay on discovery during the pendency of motions to dismiss, unless I find "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to" the party requesting discovery. 15 U.S.C. § 78u-4(b)(3)(B). The purpose of the discovery stay is to curb "the filing of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the costs of discovery and to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim." *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543 (N.D. Ohio 2004).

Here, no motions to dismiss have been filed, but Defendants have expressed their intent to do so after Lead Plaintiffs file the consolidated complaint. I have also set a briefing schedule for those motions. (Doc. No. 79). Though a strict reading of the plain language of the statute might suggest the discovery stay should only apply while a motion to dismiss is pending, the congressional intent behind the statute justifies a broader reading. The intent was that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the

complaint." S. Rep. No. 104-98, at 14 (1995). I therefore find, as several of my colleagues have also found, that the PSLRA's discovery stay provision applies in this situation. *See, e.g.*, *In re FirstEnergy*, 229 F.R.D. at 543-44; *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 948 n.4 (S.D. Ohio 2003); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683-84 (D. Md. 2000).

Having found the discovery stay applies, I now turn to the question of whether the discovery Lead Plaintiffs seek falls under the exception to the stay. Lead Plaintiffs claim the discovery they seek qualifies under the exception, as it is both particularized and is necessary to prevent undue prejudice. (Doc. No. 80-1 at 9). They first claim their request is particularized, in that they have identified "a narrow and clearly defined collection of documents that already have been reviewed and produced (and submitted to the court) in another matter . . . ." (*Id.* at 10). Defendants do not dispute this. I agree with Lead Plaintiffs and find that the discovery they seek meets the particularity requirement under the PSLRA. *See Frank v. Dana Corp.*, 2007 WL 1748887, at *2 (N.D. Ohio June 18, 2007) ("A request for documents previously produced in connection with related investigations is particularized under the PSLRA.").

Next, Lead Plaintiffs claim they are entitled to the requested evidence in the interest of avoiding unfair prejudice. (Doc. No. 80-1 at 11). Their claimed source of unfair prejudice is Defendants' repeated reliance on the *Ribik* dismissal and certain statements made by the Magistrate Judge at the discovery motion hearing "as a basis for discrediting Lead Plaintiffs' claims, while simultaneously shielding Lead Plaintiffs – and the Court – from the actual facts underlying their assertions." (*Id.* at 11). Lead Plaintiffs also argue that maintaining the discovery stay with respect to these particular documents would not further the policies underlying the PSLRA. (*Id.* at 12).

Defendants argue that they have yet to make any formal arguments using the *Ribik* case to which Lead Plaintiffs are required to respond. (Doc. No. 82 at 3). So Defendants characterize Lead Plaintiffs' discovery request as a fishing expedition meant to aid in finding a basis for this lawsuit. (Doc. No. 82 at 8).

3

It is true that both the HCR and HCP defendants have cited to the Magistrate Judge's comments and to the dismissal in *Ribik* in correspondence with Lead Plaintiffs. (Doc. Nos. 81-2 & 81-3). Defendants have sent letters to Lead Plaintiffs, claiming that pursuant to Federal Rule of Civil Procedure 11 they must dismiss the current case as meritless. (Doc. Nos. 81-2 & 81-3). Defendants cited to the *Ribik* dismissal and discovery hearing as evidence of the lack of merit. (Doc. Nos. 81-2 & 81-3). And Defendants have similarly claimed this case is meritless during a telelphonic status conference with me.

But I do not agree that this unfairly prejudices Lead Plaintiffs at this point in the litigation. Lead Plaintiffs seek to address Defendant's *Ribik*-based assertions, but the time for that is not now. Lead Plaintiffs only recently filed their consolidated complaint, and there are currently no motions pending in which Lead Plaintiffs are required to respond to Defendants' allegations.

And without more, the fact that production of these documents would not place a burden on Defendants is not reason enough to lift the stay. The PSLRA requires that in order to lift the stay, the particularized discovery must be "*necessary* . . . to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The evidence at issue here does not fit that bill. So I find there is no risk of unfair prejudice and deny Lead Plaintiffs' motion at this time.

## CONCLUSION

Accordingly, Lead Plaintiffs' motion to order particularized discovery is denied. (Doc. No. 80).

So Ordered.

                                                                      s/ Jeffrey J. Helmick
                                                                      United States District Judge