UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Boynton Beach Firefighters'
Pension Fund, On Behalf of Itself
and All Others Similarly Situated,    Case No. 3:16-cv-1106

                Plaintiffs,

v.    ORDER

HCP, Inc., et al.,

                Defendants.

Defendants seek leave to file a sur-reply brief in response to what Defendants refer to as new arguments in Lead Plaintiffs' reply brief in support of their motion to amend the complaint. (Doc. No. 127). Lead Plaintiffs oppose Defendants' motion, arguing any arguments offered in their reply brief but not their motion to amend were made in response to arguments Defendants raised in their opposition brief, and that Defendants did not file their motion for leave in a timely manner. (Doc. No. 128).

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules expressly address whether and under what circumstances a sur-reply brief may be appropriate. Courts often consider whether the party seeking to file the sur-reply brief has provided good cause for that brief, such as the need to address an issue that was raised for the first time in a reply brief. *See, e.g., Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010).

Defendants contend they should be permitted to file a sur-reply brief because Lead Plaintiffs included arguments in their reply brief that were not in their opening brief, and a sur-reply brief would be Defendants' first opportunity to respond to Lead Plaintiffs' arguments. (Doc. No. 127 at 2; Doc. No. 129 at 1-2).

Defendants' assertion they would be prejudiced if I do not permit them to file a sur-reply brief is not persuasive. As Defendants concede, Defendants were the first ones to raise the "new" issues. (Doc. No. 127 at 2 ("Therefore, Defendants, in their opposition brief, responded to Plaintiffs' scienter arguments but also raised additional grounds to deny the motion that Plaintiffs had not addressed . . . .")). Thus, it was Defendants who raised the new issues. Defendants cannot claim to be unfairly surprised that Lead Plaintiffs responded. *Cf. White v. Honda of Am. Mfg., Inc.*, 191 F. Supp. 2d 933, 944 (S.D. Ohio 2002) (A party does not establish good cause for filing a sur-reply simply by offering arguments which "will be helpful" in resolving the motion at issue.).

Finally, Defendants also request oral argument on the motion to amend "to fairly present the pertinent allegations and applicable case law to the Court." (Doc. No. 127 at 3). Defendants do not identify any allegations or case law which could not have been fairly presented in the 94-page proposed amended complaint or pursuant to my order granting the parties an additional 16 pages each for their memoranda in response to the motion to amend. *See* L. Civ. R. 7.1(f); (Doc. No. 122). I deny Defendants' request for oral argument.

For these reasons, I deny Defendants' motion for leave to file a sur-reply brief. (Doc. No. 127).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2